IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JOHNNY R. WOODRUFF, | ) | 8:14CV211 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| MARK FOXALL, DR. MORIN, | ) | |
| TAMMY, ET.AL., and DOUGLAS | ) | |
| COUNTY CORRECTIONAL | ) | |
| CENTER, | ) | |
| | ) | |
| Respondents. | ) | |

Plaintiff Johnny Woodruff ("Woodruff" or "Plaintiff") filed his Complaint in this matter on July 22, 2014. (Filing No. 1.) Woodruff has been given leave to proceed in forma pauperis. (Filing No. 6.) The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate pursuant to 28 U.S.C. § 1915(e)(2).

## I.    SUMMARY OF COMPLAINT

Woodruff filed his Complaint against the Douglas County Correctional Center ("DCCC") in Omaha, Nebraska, and Douglas County employees Mark Foxall, Dr. Morin, and an individual named "Tammy." (Filing No. 1 at CM/ECF p. 2.) Liberally construed, Woodruff alleges violations of his rights under the Eighth and Fourteenth Amendments.

From July 25, 2013, to September 25, 2013, Woodruff was incarcerated at the DCCC. Throughout this time, Woodruff suffered from "inverted eyelashes" caused by a previous surgery. Woodruff's inverted eyelashes caused blurred vision, severe pain, and lacerations of his cornea. Woodruff states his eye was constantly swollen, watery, red, and bloodshot. He secluded himself from other prisoners because "people thought [he] had pink eye" and "everyone asked: 'what's wrong with your eye?'" (Filing No.

1 at CM/ECF p. 1.) Woodruff filed more than 100 inmate request forms to Tammy and Dr. Woodruff asking to be evaluated by an ophthalmologist. They refused his requests. On one occasion, Woodruff was given a pair of tweezers and told to pluck out the eyelashes by looking into his reflection in a stainless steel paper towel dispenser. Woodruff did not identify who told him to take this action. (*See* Filing No. 1 at CM/ECF p. 1.) Following Woodruff's discharge from DCCC, he had corrective surgery to repair his inverted eyelashes.

For relief in this matter, Woodruff seeks monetary damages in the amount of one million dollars from each of the named defendants. (Filing No. 1 at CM/ECF p. 2.)

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e)(2). The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 687 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

## III. DISCUSSION OF CLAIMS

### A. Claims Against Foxall

Woodruff lists Foxall in the caption of the Complaint, but does not allege any specific acts committed by him. A complaint that only lists a defendant's name in the caption without alleging that the defendant was personally involved in the alleged misconduct fails to state a claim against that defendant. See *Krych v. Hvass*, 83 F. App'x 854, 855 (8th Cir. 2003) (citing *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) (holding that court properly dismissed a pro se complaint where the complaint did not allege that defendant committed a specific act and the complaint was silent as to defendant except for his name appearing in caption)). Because Woodruff failed to allege that Foxall was personally involved in violating his constitutional rights, Woodruff's Complaint fails to state a claim upon which relief may be granted against Foxall. On the court's own motion, Woodruff will be given an opportunity to file an amended complaint that states a claim upon which relief may be granted against Foxall.

### B. Claims Against Douglas County

While Plaintiff has identified a potential violation of his constitutional rights, as pled, his Complaint fails as a matter of law. Regarding Woodruff's claims against Morin and Tammy, the court notes that, where a plaintiff fails to "expressly and unambiguously" state that a public official is sued in his or her individual capacity, the court "assume[s] that the defendant is sued only in his or her official capacity." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999). Further, "[a] suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson*, 172 F.3d at 535. Here, Woodruff did not specify the capacity in which Morin and Tammy are sued. (Filing No. 1.) Therefore, the court assumes that they are sued in their official capacities only. These official-capacity claims are actually claims against Douglas County.

Douglas County may only be liable under section 1983 if its "policy" or "custom" caused a violation of Plaintiff's constitutional rights. *Doe By and Through Doe v. Washington Cnty.*, 150 F.3d 920, 922 (8th Cir. 1998) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)). An "official policy" involves a deliberate choice to follow a course of action made from among various alternatives by an official who has the final authority to establish governmental policy. *Jane Doe A By and Through Jane Doe B v. Special School Dist. of St. Louis Cnty.*, 901 F.2d 642, 645 (8th Cir.1990) (citing *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986)).

To establish the existence of a governmental custom, a plaintiff must prove:

1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;

2) Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and

3) That plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was the moving force behind the constitutional violation.

*Jane Doe*, 901 F.2d at 646.

Woodruff does not allege there is a continuing, widespread, persistent pattern of unconstitutional misconduct by Douglas County and its employees, and that Douglas County's policymaking officials were deliberately indifferent to or tacitly authorized the unconstitutional conduct. In addition, Woodruff does not allege that an unconstitutional custom was the moving force behind his injuries. In addition, Woodruff does not allege that Douglas County and its policymakers were aware that Douglas County officials were engaged in unlawful conduct but failed to take any action against them. In short, Woodruff has failed to present any allegations of an official policy or custom. Thus, Woodruff has not alleged sufficient facts to "nudge"

his claims against Douglas County across the line from conceivable to plausible under the *Jane Doe* standard. On the court's own motion, Woodruff will be given an opportunity to file an amended complaint that sets forth viable claims for relief against Defendants.

IT IS THEREFORE ORDERED that:

1. Plaintiff shall have 30 days from the date of this Memorandum and Order to file an amended complaint that sets forth viable claims for relief against Defendants. If Plaintiff fails to file an amended complaint, or the court finds that the amended complaint is insufficient, this matter will be dismissed without further notice for failure to state a claim upon which relief may be granted.

2. In the event that Plaintiff files an amended complaint, Plaintiff shall restate the allegations of the current Complaint and any new allegations. Failure to consolidate all claims into one document may result in the abandonment of claims.

3. The Clerk of the court is directed to set a pro se case management deadline in this case using the following text: December 1, 2014: Check for amended complaint.

4. Plaintiff shall keep the court informed of his current address at all times while this case is pending. Failure to do so may result in dismissal without further notice.

DATED this 28th day of October, 2014.

BY THE COURT:

*Richard G. Kopf*
Senior United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.